# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | |
| | § | SA-12-CR-900-XR |
| **RICHARD LEOS AGUILAR, JR.** | § | |

**ORDER**

On this day came on to be considered Defendant's motion to suppress (docket no. 19).

**Background**

Defendant is charged in a two count indictment with Possession with Intent to Distribute Heroin and Possession of Stolen Mail. He moves for suppression of evidence found when the police searched his hotel room. The affidavit used to secure the search warrant was based on information supplied by a confidential informant (CI). The Defendant asserts that the affidavit fails to include sufficient detail to allow a magistrate to assess the CI's truthfulness and reliability.

Defendant, relying upon *United States v. Weaver*[1], asserts that "the magistrate signing the search warrant had an insufficient basis to make an assessment regarding the reliability and the basis of knowledge of the CI because the affidavit lacks any information that suggests that the CI has the ability to reliably identify heroin. It also lacks information about the particular quantity of heroin allegedly observed by the CI, and it contains no suggestion that there was an ongoing distribution operation. If

---

[1] 99 F.3d 1372 (6th Cir. 1996).

there was only a small, immediately usable quantity possessed at the room, there would be no basis to believe that it would still be found at there [sic] 2 days later."[2]

Det. Guadalupe Ruiz completed and swore to an affidavit for search warrant on September 5, 2012, and presented same to a city magistrate. The affidavit stated, in part, as follows:

> That he has good reason to believe and does believe that a certain place in San Antonio, Bexar County, Texas described as a multi-unit Hotel complex known as The Travel Inn located at and numbered as 6543 Old Hwy 90 West, the Room to be searched being room #108 and any and all garages, outhouses, edifices, structures, openings, and enclosures thereto attached;
>
> In San Antonio, Bexar County, Texas and being the premises under the control and in charge of a Richard Leos Aguilar Jr. L/M, DOB 07-03-77 and Christine Marie Calderon L/F, DOB 10-02-81 is a place where a controlled substance, to wit: Heroin is unlawfully possessed in violation of the Texas Health and Safety Code, and that such belief of the affiant is founded upon the following information: Affiant has been a San Antonio Police officer for approximately twenty four years. During my tenure I have conducted primarily narcotic investigations for the past 14 years. Affiant did on the 5th day of September, 2012, receive information from a credible and reliable person who has on previous occasions given affiant information regarding the trafficking and possession of a controlled substance which has proven to be true and correct but whose identity cannot be revealed for security reasons, that the said credible and reliable person, did within the last forty-eight hours see a controlled substance, to wit: Heroin in possession of the aforesaid Richard Leos Aguilar Jr. and Christine Marie Calderon at 6543 Old Hwy 90 West, Room #108 in San Antonio, Bexar County, Texas.
>
> Affiant is familiar with Richard Leos Aguilar Jr. from previous narcotics investigations that resulted in an arrest in February 2010. Based on the knowledge of Richard Leos Aguilar Jr. identity Affiant obtained a photographed of him that was shown to the credible and reliable person and such person identified Richard Leos Aguilar Jr. as the person residing at 6543 Old Hwy 90 West, Room 108. Further information revealed that a female later identified as Christine Marie Calderon was staying with Richard Leos Aguilar Jr. at 6543 Old Hwy 90 West, Room 108. Surveillance was established at 6543 Old Hwy 90 West, Room #108 where the Richard Leos Aguilar Jr. and Christine Marie Calderon were seen entering and exiting the hotel room. While in preparation in obtaining the narcotics search warrant surveillance was

---

[2] Defendant's motion to suppress at p.3.

maintained at 6543 Old Hwy 90 West, Room #108. Surveillance observed Richard Leos Aguilar Jr. and Christine Marie Calderon leave the hotel room separately and both were detained away from the hotel room. Currently both Richard Leos Aguilar Jr. and Christine Marie Calderon are detained pending the issuance of a narcotic search warrant.

The city magistrate signed a search warrant on September 5, 2012.

During execution of the warrant, police officers seized heroin and stolen checks from Room No. 108. While officers were at the premises, Defendant initiated a conversation with Det. Ruiz and asked to speak with Det. Ruiz. Defendant told Det. Ruiz the narcotics seized were his. Defendant does not argue in his motion to suppress that his statements were made involuntarily.

## Analysis

When a search has been conducted in accordance with a warrant, this court uses a two-part test to review a motion to suppress. *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004). The first step involves examining whether the good faith exception to the exclusionary rule applies. *Id*. (citing *United States v. Leon*, 468 U.S. 897, 919–20 (1984)). If the good faith exception applies, no further analysis is necessary unless the case involves "a 'novel question of law' resolution of which is 'necessary to guide future action by law enforcement officers and magistrates.'" *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003). If the good faith exception does not apply, then this court proceeds to the second step of the analysis and considers whether there was probable cause to support the issuance of the warrant. *Froman*, 355 F.3d at 888.

An officer is also unable to invoke the good faith exception if the affidavit upon which the warrant is founded is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" and is thus a "bare bones" affidavit. *U.S. v. Mays,* 466 F.3d 335, 343 (5th Cir.

3

2006). A bare bones affidavit is one that contains wholly conclusional statements about an affiant's knowledge and beliefs. *United States v. Pope*, 467 F.3d 912, 920 (5th Cir. 2006).

An allegation that probable cause is lacking is limited to an inquiry of whether the issuing magistrate had a substantial basis for finding the existence of probable cause. Such a substantial basis exists if "given all the circumstances set forth in the affidavit before [the magistrate] ... there is a fair probability that contraband or evidence of a crime will be found in a particular place*." U.S. v. Aguirre*, 664 F.3d 606, 613 (5th Cir. 2011).

Defendant's argument that the affidavit was bare bones and that the reliability of the confidential informant was not established lacks merit.[3] Similar affidavits have been found to be legally sufficient. *See U.S. v. McCray*, 354 Fed. Appx. 205 (5th Cir. 2009); *United States v. McKnight*, 953 F.2d 898, 904–05 (5th Cir. 1992) ("The Constable's assertion that the confidential informant was 'reliable' and had 'furnished him with information in the past that has proved to be reliable and true' provided the magistrate with sufficient indicia of the reliability and veracity of the informant's tip."); *United States v. Satterwhite,* 980 F.2d 317, 321 (5th Cir. 1992) (approving of an affidavit that "provided the magistrate with facts, and not mere conclusions"); *Christian v. McKaskle*, 731 F.2d 1196, 1198, 1200 (5th Cir. 1984) (finding that "a factual basis for the credibility of an informant can be supplied by an 'explicit claim of past reliability' "; and finding that an affidavit was adequate where the confidential informant asserted that he saw drugs at a location within the previous 24 hours).[4]

---

[3] Defendant relies upon *U.S. v. Barrington*, 806 F.2d 529 (5th Cir. 1986). In *Barrington*, the Court noted that the affidavit merely stated only that "Captain Solomon 'received information from a confidential informant' who is 'known to Captain Phil Solomon and has provided information in the past that has led to arrest and convictions.'" In this affidavit, however, the CI noted that within the last 48 hours he saw Defendant at the hotel room with heroin. Similarly, any reliance upon *U.S. v. Jackson*, 818 F.2d 345 (5th Cir. 1987) is not persuasive. In that case the affidavit failed to state that the informant had previously given tips that had proved to be correct.

[4] Defendant's reliance upon *Weaver* is misplaced. In *Weaver*, there was no indication in the affidavit that the informant provided reliable information in the past leading to drug-related arrests or prosecutions. Although the

The good-faith exception also requires answering the question of "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." *U.S. v. Leon*, 468 U.S. 897, 922 n.23 (1984). There is no good faith if one of four circumstances exists: (1) If the issuing magistrate/judge was misled by information in an affidavit that the affiant knew was false or would have known except for reckless disregard of the truth; (2) where the issuing magistrate/judge wholly abandoned his or her judicial role; (3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid.

There is no argument made that the magistrate was misled in this case. There is no argument that the magistrate wholly abandoned his or her judicial role. The affidavit was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. There is no argument that the warrant was facially deficient. The good faith exception to the exclusionary rule applies in this case. In the alternative, there was probable cause to support the issuance of the warrant.

Probable cause is a practical assessment that all the circumstances generate a "fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Thomas*, 627 F.3d 146, 159 (5th Cir. 2010) (quotation marks and citation omitted). In this case a credible and reliable confidential source told the affiant that Defendant could be found in room 108. The CI had on previous occasions given Det. Ruiz information regarding the trafficking and possession of controlled substances which had proven to be true and correct. The CI told Det. Ruiz that within the last 48 hours he saw cocaine in the possession of Richard Leos Aguilar inside room number 108. Det. Ruiz noted in his

---

affidavit stated that there was unlawful distribution, there was "no underlying factual circumstances to support the informant's knowledge regarding distribution." 99 F. 3d at 1378.

affidavit that a photograph of Richard Leos Aguilar was shown to the CI and that the CI made a positive identification of Defendant as the resident of hotel room 108.

## Conclusion

Defendant's motion to suppress (docket no. 19) is denied.

SIGNED this 7th day of November, 2012.

 

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE